CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JAN 24 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| PENNY A. CHANG, | ) CASE NO. 5:11CV00040 |
| | ) |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) By: B. Waugh Crigler |
| Defendant. | ) U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's April 25, 2008 application for supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. § 1381 et seq. is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision issued on July 6, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since April 25, 2008, her application date. (R. 10.) The Law Judge determined plaintiff's fibromyalgia was a severe impairment, but that she did not have an impairment or combination of impairments which met or equaled a listed impairment. (*Id.*, 13.) The Law Judge concluded that plaintiff's medically determinable

impairments reasonably could be expected to caused her alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent they were inconsistent with the Law Judge's finding that she retained the residual functional capacity ("RFC") to perform a full range of light work[1]. (R. 13-14.) The Law Judge noted that plaintiff had no past relevant work, yet by application of Rule 202.20[2] of the Medical-Vocational Guidelines ("grids")[3] the Law Judge found that there were a significant number of jobs in the national economy that she could perform. (R. 16.) Ultimately, the Law Judge found plaintiff was not disabled. (R. 17)

Plaintiff appealed the Law Judge's July 6, 2010 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The

---

[1] Light work is defined as work involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and requiring "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b).

[2] Section 202.20 of the grids pertains to a younger individual, who is a high school graduate or more, with unskilled or no prior work experience, and who has the RFC to do light work. 20 C.F.R. Part 404, Subpt. P, App. 2, § 202.20.

[3] The grids, located at 20 C.F.R. Part 404, Subpart P, Appendix 2, are tables "'that indicate the proper disability determinations for various combinations of age, education, and previous work experience in conjunction with the individual's RFC, *i.e.*, his maximum capacity for sustained performance of the physical and mental requirements of the job.'" *Christmas v. Astrue*, 2010 WL 1027492, * 3 n.4 (W.D.Va. March 17, 2010) (quoting *Hall v. Harris*, 658 F.2d 260, 265 (4th Cir. 1981)).

regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

During oral argument, plaintiff contended that the Law Judge erred by relying on the grids and not questioning a vocational expert ("VE") because her impairments produce nonexertional limitations. Specifically, plaintiff asserted that her major depressive disorder and the side effects she suffers from her medications impose nonexertional limitations. The undersigned disagrees.

If a claimant has no nonexertional impairments[4] which preclude her from performing a full range of work at a given exertional level, the Commissioner may rely solely on the grids to satisfy his burden of proof. *See Aistrop v. Barnhart*, 36 Fed. Appx. 145, 146 (4th Cir. 2002); *Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987). The grids may be dispositive of whether the claimant is disabled only when the claimant is found to suffer only exertional impairments. *Aistrop*, 36 Fed. Appx. at 146. When a claimant suffers nonexertional limitations, or a combination of exertional and nonexertional limitations that prevent performance of a full range of work at a given exertional level, the grids may only be used as a guide. *Id.* at 146. In that instance, the Commissioner must adduce vocational testimony that jobs exist in the national economy which the claimant can perform, in order to discharge his sequential burden. *Id.*; *Walker v. Bowen*, 889 F.2d 47, 49-50 (4th Cir. 1989).

---

[4] "A non-exertional limitation is one that places limitations on functioning or restricts an individual from performing a full range of work in a particular category." *Aistrop*, 36 Fed. Appx. at 147. Nonexertional limitations generally impact an individual's ability to meet the nonstrength demands of jobs and include the ability to hold, grasp, kneel, stoop and crouch. *Id.*

3

In support of her claim that she suffers mental limitations which preclude application of the grids, plaintiff cites a consultative psychological examination dated March 3, 2010 by Joseph J. Cianciolo, Ph.D., a licensed clinical psychologist. (R. 509-516.) Dr. Cianciolo found that plaintiff suffered a major depressive disorder, single episode, mild, and that she was functioning with a GAF of 55[5] both at the time of the evaluation and within the past year. (R. 513.) Dr. Cianciolo opined that plaintiff possessed the intellectual capability to perform simple and repetitive tasks, as well as detailed and complex tasks. (*Id.*) She was moderately impaired in the following: maintaining regular attendance in the workplace, performing work activities on a consistent basis, and completing a normal workday or workweek without interruption from her psychiatric condition. (*Id.*) The psychologist did not believe that it was likely plaintiff would need additional supervision, and he believed she appeared capable of accepting instruction from supervisors. (*Id.*) He found that her depressive illness moderately impaired her ability to interact with coworkers and the public, as well as coping with the routine stressors encountered in competitive work. (*Id.*) The psychologist did not believe that there was a need for plaintiff to seek inpatient psychiatric treatment, but he recommended outpatient psychiatric treatment. (*Id.*) Finally, he concluded that plaintiff appeared capable of managing her own funds. (*Id.*)

In addition to his written report, which has been outlined above, Dr. Cianciolo completed a check-list medical source statement regarding plaintiff's mental ability to perform work-related activities. (R. 514-516.) This statement provides that plaintiff has no limitations in the following

---

[5] GAF ratings are subjective determinations based on a scale of zero to one hundred of "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Association, Diagnostic and Statistical Manual Mental of Mental Disorders 32 (4th ed. 2000) ("DSM–IV Manual"). A GAF of 51 to 60 indicates only moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers). *Id.* at 34.

areas: understanding and remembering simple instructions; carrying out simple instructions; the ability to make judgments on simple work-related decisions; understanding and remembering complex instructions; carrying out complex instructions; and the ability to make judgments on complex work-related decisions. (R. 514.) The psychologist opined that plaintiff suffered only a mild restriction in interacting appropriately with the public and in interacting appropriately with supervisor(s). (R. 515.) He further opined that plaintiff suffered only a moderate[6] restriction on her ability to respond appropriately to usual work situations and to changes in a routine work setting. (*Id.*) Dr. Cianciolo found that nothing else was affected by her mental impairment. (*Id.*)

The undersigned finds that Dr. Cianciolo's written report and check-list statement simply do not support her argument that she suffers a major depressive disorder which produces nonexertional limitations on her capacity to work. In reaching this conclusion, the undersigned notes that the psychologist diagnosed plaintiff with suffering only a *single* episode which he described as "mild."

The undersigned turns next to plaintiff's argument that she experiences side effects from her medications which impose restrictions on her capacity to work. In support of this contention, plaintiff argues that she experiences the "normal side effects" which are known to be associated with her medications, and she references her testimony before the Law Judge that her medications cause her to be dizzy, drowsy, and confused. (R. 49.) Initially, the undersigned notes that the fact that a medication generally is known to cause certain side effects does not mean that each patient who takes that medication will experience the same side effects. Here, plaintiff's medical records do not substantiate her claim that she suffers significant side effects which create work-related

---

[6] The statement defines moderate as "more than a slight limitation in this area but the individual is still able to function satisfactorily." (R. 514.)

5

limitations. As pointed out by the Commissioner's counsel during oral argument, there is no evidence to suggest that plaintiff reported these side effects to her treating sources, or even absent a record of such report, that her physicians modified her medications to remedy side effects. Thus, the Law Judge's failure to include such alleged side effects in propounding questions to a VE is supported by substantial evidence.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

Jan 24, 2012
Date

6